UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MISSION BAY SKI & BIKE, INC., | ) | No. 07 B 10870 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM W. LINNEMANN and, | ) | |
| VALERIE J. GERVAIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07 A 1045 |
| | ) | |
| AARON POST, TROY CRADY, LUKASZ | ) | |
| REMIASZ, DAWID REMIASZ, and | ) | |
| LINDA POST, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This chapter 11 bankruptcy case is before the court for ruling on the motion of plaintiffs William Linnemann and Valerie Gervais to remand the action styled *Linnemann, et al. v. Post, et al.*, No. 07 LA 280, to the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois. For the reasons that follow, the motion to remand will be granted.

Linnemann and Gervais are the former owners of debtor Mission Bay Ski & Bike, Inc., a retailer of athletic equipment in Elgin, Illinois. In February 2007, they sold their interests in Mission Bay and a companion company to Aaron Post, Troy Crady, Lukasz Remiasz, and Dawid Remiasz.

Following the sale, relations between the sellers and buyers deteriorated, and in August

2007, Gervais and Linnemann filed an action in the McHenry Count Circuit Court against Post, Crady, and Lukasz and Dawid Remiasz. A Linda Post, apparently Aaron Post's mother, was also named as a defendant. Mission Bay itself, however, was not named. In November 2007, Mission Bay sought to intervene in the action as a defendant, but that motion was denied.

Meanwhile, Mission Bay filed its chapter 11 petition. The same day (and even before the state court had ruled on the intervention motion), Mission Bay also filed a notice of removal purporting to remove the state court action to this court. Linnemann and Gervais promptly filed a motion to remand and response to the notice in which they argued that the action should be remanded because Mission Bay lacked standing to seek removal, or alternatively that this court should abstain from hearing the action.

Linnemann and Gervais's standing objection is well-taken. The bankruptcy removal statute, 28 U.S.C. § 1452(a), provides that "[a] party may remove any claim or cause of action in a civil action" other than certain proceedings not involved here "to the district court for the district where such civil action is pending" as long as the district court has jurisdiction over the claim or cause of action under 28 U.S.C. § 1334. Federal law governs the interpretation of the removal statutes. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 (1972); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991). Under federal law, a "party" to an action is someone who has been named in the complaint and served, *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), or at least has been named, *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (stating that service is unnecessary for party status).

In the state court action here, Mission Bay was neither named nor served. Its efforts to become a party through intervention, moreover, were rebuffed. Mission Bay was therefore not a

party to the action and had no right to remove the action to this court. *See Kennedy v. D'Angeli Building & Constr. Co. (In re Selig),* Nos. 91-13358DAS, 94-0115DAS, 1994 WL 90049, at *1 (Bankr. E.D. Pa. Mar. 15, 1994) (noting that "only a party to an action in nonbankruptcy court may remove an action to bankruptcy court" and concluding that the removing individuals' "status as non-parties to the proceeding is fatal to the Application"); *W.A.T. Co. v. G & C Constr. Corp. (In re Tilley),* 42 B.R. 827, 829 (Bankr. E.D. Va. 1984) (same); *First Nat'l Bank of Nev. v. Johnie T. Patton, Inc. (In re Johnie T. Patton, Inc.),* 12 B.R. 470, 471 (Bankr. D. Nev. 1981) (same). Because the action here was not properly removed, it must be remanded to the state court.

Two additional points. First, the same conclusion – a remand – would follow even if for some reason Illinois law rather than federal law determined the meaning of "party" in section 1452(a). Section 2-401 of the Civil Practice Law defines "plaintiff" as "[t]he party commencing an action," defines "defendant" as "the adverse party," and expands on these terms to include third-party plaintiffs and defendants and counterclaimants and counterdefendants. *See* 735 ILCS 5/2-401(a), (d) (2006). Under Illinois law, consequently, a party is someone who has been named as such in the complaint and served, *Collins v. St. Jude Temple No. 1,* 157 Ill. App. 3d 708, 711, 510 N.E.2d 979, 981 (1st Dist. 1987), or at least named, *Russ v. Hoffman,* 288 Ill. App. 3d 281, 283, 681 N.E.2d 519, 521 (1st Dist. 1997). Having been neither named nor served, Mission Bay was not a "party" to the action under Illinois law any more than under federal law.

Second, Mission Bay was no more entitled to remove the state court action under section 1441 than under section 1452. Removal of a case from state court to bankruptcy court can also be accomplished under 28 U.S.C. § 1441(a), the general removal statute. *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 129 (1995). That section, however, only allows "the defendant or

the defendants" to remove the case. A non-party cannot remove. *See Housing Auth. of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005); *American Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298 (S.D.N.Y. 1999); *Adams v. Adminastar Defense Servs., Inc.*, 901 F. Supp. 78, 79-80 (D. Conn. 1995). Section 1441 is therefore no help to Mission Bay here.

In arguing against remand, Mission Bay cites two decisions in which courts allowed non-parties to remove actions under section 1452(a). *See Hughes-Bechtol, Inc. v. Air Enters., Inc. (In re Hughes-Bechtol, Inc.)*, 107 B.R. 552, 558 (Bankr. S.D. Ohio 1989); *Cincinnati Milacron Marketing Co. v. Ramirez (In re Wesco Prods. Co.)*, 19 B.R. 908, 909 (Bankr. N.D. Ill. 1982). These courts appeared to conclude that removal of an action is proper, regardless of who removes it, as long as the bankruptcy court has jurisdiction over the action. *See, e.g., Wesco*, 19 B.R. at 909. Mission Bay cites still another decision suggesting that the term "party" in section 1452(a) should be interpreted to mean "something more akin to a 'real party in interest' or one who has a stake in the outcome." *Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)*, 135 B.R. 853, 856 (Bankr. N.D. Ind. 1991).

The problem with these decisions is that removal "is a purely statutory right." *Sheda v. U.S. Dep't of Treasury*, 196 F. Supp. 2d 743, 746 (N.D. Ill. 2002) (internal quotation omitted). Because removal is an invasion of state court jurisdiction, removal statutes are also construed narrowly – against removal and in favor of remand. *State of Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). Section 1452(a) says that a "party" can remove an action. It does not say that a non-party can remove as long as the requirements of bankruptcy jurisdiction are satisfied. Section 1452(a) on its face makes jurisdiction under section 1334 a

prerequisite to removal. Deeming that to be the *only* prerequisite, as the court did in *Wesco*, reads out of the statute the requirement that a "party" remove.

The *Brateman* approach is equally misguided. Again, section 1452(a) only allows a "party" to remove an action. It does not allow a non-party to do so as long as he qualifies as a "party in interest." The term "party in interest" appears throughout the Bankruptcy Code, *see, e.g.*, 11 U.S.C. §§ 102(1)(B)(ii), 105(a), 105(d), 107(b), 303(g), 326(a), 330(a)(1), 330(a)(2), 341(e), 362(c)(3), and Congress knows how to use it in connection with bankruptcy when it wants to. Congress chose not to in section 1452(a). Broadening the term "party" to mean "party in interest," as *Brateman* proposed, is inconsistent with the long-standing policy of construing removal statutes narrowly. *See Kerr-McGee*, 677 F.2d at 576. Courts have specifically rejected this kind of gloss on section 1441(a). *See, e.g., Newman & Cahn*, 388 F. Supp. 2d at 115 (noting that someone who "claims to be a real party in interest has no authority to seek removal"); *RJR Nabisco*, 70 F. Supp. 2d at 298 (same).

Mission Bay next contends that under Illinois law it became a party to the state court action when it filed its petition to intervene, notwithstanding the ultimate denial of the petition. Mission Bay offers no authority for this contention, however, and, assuming state law is even relevant here, the contention is incorrect. Someone who moves to intervene in an action in an Illinois court becomes a party to the action only when the motion is granted. If the petition is denied – or if it is never ruled on at all -- he is not a party. *Success Nat'l Bank v. Specialist Eye Care Center, S.C.*, 304 Ill. App. 3d 74, 76, 710 N.E.2d 482, 483-84 (2nd Dist. 1999). This stands to reason: there would be no point in having courts decide motions to intervene if a movant could achieve party status merely by filing the motion. At no time was Mission Bay a party to

the state court action it sought to remove.

Because debtor Mission Bay had no standing to remove the *Linnemann v. Post* action from the McHenry County Circuit Court to this court, the action must be remanded. The motion of Gervais and Linnemann to remand the action is therefore granted. A separate order will be entered in accordance with this opinion.

Dated: December 14, 2007

                                                   A. Benjamin Goldgar
                                                   United States Bankruptcy Judge